```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                  Criminal Action No. 3:94CR136
                                                         (STAMP)
HENRY STEVENS,

      Defendant.

### ORDER DENYING DEFENDANT'S MOTION TO CORRECT SENTENCE
### UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 35

On October 17, 2005, this Court received a letter from the defendant requesting a reduction in his sentence. This Court construes defendant's letter as a motion under Federal Rule of Criminal Procedure 35. The defendant's letter motion is attached to and incorporated as a part of this order.

The defendant was sentenced to a term of 210 months after being found guilty by a jury for conspiracy to possess with intent to distribute and to distribution of cocaine base, and in aiding and abetting the distribution of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2. In his letter motion, the defendant argues that he was a petty dealer of cocaine base, and that he does not mind serving time for the crimes he committed. Nevertheless, the defendant reminds this Court that he has already served over 12 years for his crime and will serve an additional six years. The defendant argues that the recent decision in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005) allows this Court to

reconsider the appropriateness of the defendant's sentence at this time, and the defendant requests a reduction accordingly.

As a preliminary matter, Rule 35(a) of the Federal Rules of Criminal Procedure provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The Advisory Committee Notes on the 1991 Amendments to Rule 35 provide:

> The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court to change its mind about the appropriateness of sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regards to the application of the sentencing guidelines.

Finally, Rule 35(b) requires a motion by the government which has not occurred here.

In addition, the Fourth Circuit has made it clear that neither Booker nor Blakely can be applied retroactively. United States v. Morris, __ F.3d __, 2005 WL 2950732 *6 (2005)(Booker not retroactive because not a "watershed" rule).

Accordingly, this Court has no power to reduce the defendant's sentence under Rule 35 or under Booker, and the defendant's letter motion is hereby DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:     November 18, 2005

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE

October 13, 2005

Honorable Judge Stamp,

    My name is Henry Stephens (docket #94-CR-136-ALL) and I was sentenced in your court on 9/23/96. I was represented by Mrs. Elgine McArdle (who was then employed by the public defenders office) on a crack cocaine conspiracy in which we lost in trial, and left me with a sentence of 210 months to be served concurrently with the 25 years that I was already serving in the state of Georgia. I know that you probably don't remember my case being that you hear so many cases daily, but I would like to try and refresh your memory just a little...

    I was serving a 25 year sentence for the state of Georgia when the government indicted me on a crack cocaine conspiracy. I was accused of participating in a conspiracy that started when I was 16 years of age and ended when I was 21 year of age. The conspiracy took place in Martinsburg WV from 1991-1994. Threw my Presentence Investigation Report I was able to prove that I've only seen the "Free World" for six months since my 17th birthday. Ultimately I was convicted of aiding and abetting the distribution of crack cocaine (less than two grams), which was also enough to secure a conviction for conspiracy to distribute controlled substance. At no time did I ever deny to being a petty hustler, but of all the witnesses whom

testified against me, only one actually told the truth (Curtis Thomson). Regardless, I have no problem with serving time for a crime I comitted, thats the price we pay for the life we live, but I do feel that the punishment should fit the crime. I've been incarcerated for over 12 years now and I've already prepared myself mentally to serve the remaining six years.

The reason why I'm writing to you is because I remember during my sentence you said that you didn't want to give me so much time but you were binded by the Federal Sentencing Guidelines. With the ruling on United States v Booker making

the Guidelines effectively advisory, I was wondering if there is any way for me to get a sentence reduction? I've exhausted all remedies with my case, I don't have any money for legal assistance, and I don't know what else to do. Is there anything that can be done to get my sentence reduced, and if so, how do I go about doing it? I know that this isn't the proper way to go about getting a sentence reduction, and for that I apologize, but who better to go to about getting time reduced than the man that sentenced you. Thank you for your time in this matter.

Sincerely,

Henry Stephens

Henry Stephens 02787-087
Federal Correctional Inst.
2680 Highway 301 South
Jesup, GA 31599